# IN THE UNITED STATES DISTRICT COURT
# DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Raymond Leo Thompson, | ) | Case No.: 8:20-cv-2716-RMG |
| Petitioner, | ) | |
| v. | ) | **ORDER** |
| Warden Phelps, FCI Edgefield | ) | |
| Respondent. | ) | |

Before the Court is the Report and Recommendation ("R & R") of the Magistrate Judge recommending that Petitioner's *pro se* petition for habeas relief under 28 U.S.C. §2241 be summarily dismissed for lack of jurisdiction. (Dkt. No. 14). Petitioner has filed no objections to the R & R. The Court adopts the R & R as the order of the Court and dismisses this action without requiring Respondent to file a response.

**I.     Legal Standard**

    **A.     *Pro Se* Pleadings**

This Court liberally construes complaints filed by *pro se* litigants to allow the development of a potentially meritorious case. *See Cruz v. Beto*, 405 U.S. 319 (1972); *Haines v. Kerner*, 404 U.S. 519 (1972). The requirement of liberal construction does not mean that the Court can ignore a clear failure in the pleadings to allege facts which set forth a viable federal claim, nor can the Court assume the existence of a genuine issue of material fact where none exists. *See Weller v. Dep't of Social Services*, 901 F.2d 387 (4th Cir. 1990).

**B.     Report and Recommendation**

The Magistrate Judge makes only a recommendation to this Court that has no presumptive weight. The responsibility to make a final determination remains with the Court. *See Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). The Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). This Court is charged with making a *de novo* determination of those portions of the R & R to which specific objection is made. Fed. R. Civ. P. 72(b)(2). Where the plaintiff fails to file any specific objections, "a district court need not conduct a *de novo* review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (internal quotation omitted). .

**II.     Discussion**

Petitioner pled guilty on December 17, 2009 to Felon in Possession of Ammunition and Carjacking. He was sentenced on June 22, 2010 to 180 months on the Felon in Possession count and 215 months on the Carjacking count, to run concurrently. He subsequently filed an appeal with the Fourth Circuit Court of Appeals, which affirmed his conviction on August 2, 2011. Petitioner thereafter filed a petition for habeas relief under 28 U.S.C. §2255 on July 11, 2011, which the sentencing court dismissed without prejudice because Petitioner's direct appeal was still pending. Petitioner filed a second petition under § 2255 on July 11, 2012, which was denied with prejudice by the sentencing court on September 18, 2015.

Petitioner filed this present action under § 2241, asserting that the Fourth Circuit's decision in *United States v. Gary*, 954 F.3d 194 (4th Cir. 2020) rendered his 2009 conviction invalid. As the Magistrate Judge ably explained, a petition under § 2241 is permissible only where the petitioner can meet the savings clause requirements of § 2255(e). After carefully

analyzing the facts here and the Petitioner's claims, the Magistrate Judge correctly concluded that the rigorous standards to meet the savings clause requirements have not been met and the Court, consequently, has no jurisdiction over this petition arising under § 2241.

### III.   Conclusion

For the foregoing reasons, the Court **ADOPTS** the Report and Recommendation of the Magistrate Judge (Dkt. No. 14) and **DISMISSES** the petition for habeas relief without requiring Respondent to file an answer or return.

### Certificate of Appealability

The governing law provides that:

> (c)(2) A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right.
>
> (c)(3) The certificate of appealability . . . shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

28 U.S.C. § 2253(c).  A prisoner satisfies the standard by demonstrating that reasonable jurists would find this Court's assessment of his constitutional claims debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable.  *See Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001).  In this case, the legal standard for the issuance of a certificate of appealability has not been met because reasonable jurists would not find it debatable that the Petition is time-barred.  Therefore, a certificate of appealability is **DENIED**.

**AND IT IS SO ORDERED.**

S/ Richard Mark Gergel
Richard Mark Gergel
United States District Court Judge

December 14, 2020
Charleston, South Carolina